REINHARDT, Circuit Judge,
specially concurring, joined by
MILAN D. SMITH, JR., Circuit Judge:
Doe v. Lebbos is binding law in this circuit. We are required to follow it, and we do so. However, I write this separate concurrence to express my serious doubts as to the correctness of its holding that social workers are entitled to absolute immunity for investigating dependency petitions.
We are required to evaluate absolute immunity claims by analogy to the functions to which absolute immunity applied at the time that 42 U.S.C. § 1983 was enacted. Kalina v. Fletcher, 522 U.S. 118, 123-24, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). “[Bjeyond those functions historically recognized as absolutely immune at common law, qualified and only qualified immunity exists.” Miller v. Gammie, 335 F.3d 889, 897 (9th Cir.2003) (en banc). For this reason, the Supreme Court has held that a prosecutor is not entitled to absolute immunity for investigating or certifying a statement of facts in support of an arrest warrant. Kalina, 522 U.S. at 129, 118 S.Ct. 502. The court explained that “[wjhen a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.” Kalina, 522 U.S. at 126, 118 S.Ct. 502 (quoting Hampton v. Chicago, 484 F.2d 602, 608 (7th Cir.1973), cert. denied, 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974)). I am aware of no rule in existence in 1871 giving any official absolute immunity for any investigations, whether conducted in preparation for a judicial proceeding or otherwise.
Nevertheless, Lebbos held that a social worker is entitled to absolute immunity for her actions in investigating a complaint— actions that, had they been performed by a detective, a police officer, or a prosecutor, would not warrant absolute immunity. In doing so, Lebbos granted absolute immunity to social workers for the performance of a function to which absolute immunity did not apply at common law. This is in apparent contravention of the rule that it is “the nature of the function performed, not the identity of the actor who performed it” that matters for absolute immunity purposes. Kalina, 522 U.S. at 127, 118 S.Ct. 502 (quoting Forrester v. White, 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)). Accordingly, I find Lebbos extremely difficult to reconcile with the established law of absolute immunity.